WILLIAM E. BODEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boden v. Commissioner
Docket No. 5137-76.
United States Tax Court
T.C. Memo 1977-344; 1977 Tax Ct. Memo LEXIS 92; 36 T.C.M. (CCH) 1386; T.C.M. (RIA) 770344; September 29, 1977, Filed William E. Boden, pro se. David W. Johnson, for the respondent. FEATHERSON MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $340.01 in petitioner's Federal income tax for 1974. The issue for decision is whether petitioner is entitled under section 117 [1]/ to exclude from gross income as a fellowship or scholarship grant $1,800 of the $5,658.50 which he received while serving as a hospital intern. FINDINGS OF FACT Petitioner was a legal resident of Brighton, Mass., at the time he filed his petition. He filed his Federal income tax return for 1974 with the Director, Internal Revenue Service Center, Andover, Mass.
*93 Petitioner was an intern in medicine at the University Hospital, Boston University Medical Center (University Hospital or the hospital) from July 1, 1974, through June 30, 1975, and received payments at the rate of approximately $12,000 per annum. During the period July 1, 1974, through December 31, 1974, petitioner received from University Hospital $5,658.50 from which $690.75 was deducted as Federal withholding taxes. On his Federal income tax return for 1974, petitioner excluded under section 117 $1,800 of the $5,658.50 as a fellowship or scholarship grant. As an intern at University Hospital, petitioner usually worked 100 to 120 hours each week. He was on emergency call every third night. Approximately 90 percent of his working hours were devoted to patient care. Petitioner's duties and responsibilities included examining patients, formulating diagnoses, prescribing programs of treatment, and keeping medical records on the patients. He also taught medical students. Most if not all of these duties were performed under the supervision of a resident or other physician. University Hospital depended heavily on its interns for providing medical care for its patients. Additional *94 personnel would have had to be employed if University Hospital had not received the services performed by the interns and residents. The hospital charged its patients for care provided by its resident physicians. The University Hospital furnished petitioner with malpractice insurance, health insurance, and sick leave benefits while he served as an intern. He was also offered 3 weeks of vacation. On his 1974 Federal income tax return, petitioner claimed deductions for employee business expenses for some expenses incurred as an intern. Under his arrangement with the hospital, petitioner's responsibilities and stipend were increased when he completed his internship and became a resident physician. The level of the stipend is determined by the number of years of service following graduation from medical school. Respondent determined the stipend petitioner received in 1974 was taxable income. OPINION Section 117(a)(1) permits the exclusion from gross income of any amount received as a scholarship at an educational organization or as a fellowship grant. The terms "scholarship" and "fellowship grant" as used in this section have their usual meaning. In , *95 the Supreme Court defined those terms as "relatively disinterested, 'no-strings' educational grants, with no requirement of any substantial quidproquo from the recipients." Quite obviously, petitioner was required to, and did, perform substantial services as a quidproquo for the payments which University Hospital made to him. He was on duty 100 to 120 hours each week and, in his brief, he estimates that patient care consumed "50-75% of his daily activities," described in our Findings. According to a statement made by the hospital's administrator, interns were expected to devote 90 percent of their time to patient care, and our Findings reflect that statement. Regardless of which percentage is correct, however, University Hospital paid petitioner for these services at the rate of approximately $1,000 per month. We are satisfied that the purpose of these payments was to obtain his services in caring for the hospital's patients and the payments are, therefore, taxable income. ; . That petitioner obtained *96 educational benefits and training from performing these services does not alter their character in any relevant respect. The issue as to the taxability of the stipends paid medical interns and resident physicians has been the subject of literally dozens of opinions, and, on facts similar to the ones in the instant case, the courts almost uniformly have reached the conclusion as we do here, that the stipends are taxable income. The only distinctive point in petitioner's argument, if we understand it, is that section 117(a)(1) was poorly drafted and that the quidproquo test enunciated by the Supreme Court in , is too "mechanical" and "simplistic" and "unfairly discriminates against those whose education or training includes any clinical or service work which necessarily involves benefits to some party other than the grantee." Those arguments are addressed to the wrong forum. The Supreme Court has spoken. Such arguments should be addressed to the Congress, not this Court. We must follow , and the great host of cases which have adhered to its teaching and hold that petitioner's *97 stipend from University Hospital was not a scholarship or fellowship grant but was taxable income. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue.